IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
1:25-CV-01164

GISELLE MEDINA,     )
           )
    Plaintiff,   )
           )   **COMPLAINT**
  v.        )
           )  **Jury Trial Demanded**
TRUEACCORD CORP. and LVNV  )
FUNDING, LLC,     )
           )
    Defendants.  )
           )

NOW comes GISELLE MEDINA ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of TRUEACCORD CORP ("TrueAccord") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the North Carolina Debt Collection Act ("NCDCA") under N.C. Gen. Stat. § 75-50 *et seq.*, and the North Carolina Consumer Protection Statute ("NCCPS") under 32. N.C. Gen. Stat. § 75-1.1(a) *et seq.,* as well as Invasion of Privacy for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conducts business in the Middle District of North Carolina and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of North Carolina.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(1)-(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5. Plaintiff is a consumer over 18 years of age residing in Winston-Salem, North Carolina, which is located within the Middle District of North Carolina.

6. TrueAccord is a third-party debt collector that claims to make "debt collection empathetic and customer-focused."[1] Defendants is incorporated in the state of Delaware and is headquartered at 303 Second Street, Suite 750, San Francisco, CA 94107. Defendants regularly collects debt from consumers in the State of North Carolina.

7. LVNV is a company that purchases portfolios of consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. LVNV is a limited liability company organized under the laws of the state of Delaware and their principal place of business is located at 55 Beattie Place, Suit 110, Greenville, South Carolina.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://www.trueaccord.com/about-us/mission-and-values

2

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect on a consumer obligation in an approximate amount of $455.54 ("subject debt") Plaintiff allegedly owed.

10. Upon information and belief, Plaintiff provided her personal email address to her creditor when applying for the consumer obligation.

11. Plaintiff did not use any other email addresses in connection with the subject debt.

12. Upon information and belief, the subject debt stems from Plaintiff's purported default in a personal credit obligation Plaintiff had with Bank of Missouri.

13. Upon information and belief, Bank of Missouri assigned Plaintiff's subject debt to LVNV.

14. Upon information and belief, after Plaintiff's purported default, LVNV placed the account with TrueAccord for collections purposes.

15. Sometime in mid to late 2024, TrueAccord began contacting the email account wil***@gmail.com to collect on the subject debt that Plaintiff purportedly owes.

16. The email account Defendants reached out to does not belong to Plaintiff, but rather her ex-husband.

17. Plaintiff and her ex-husband have been divorced for over the past eighteen years and were not married when Plaintiff incurred the purported subject debt with LVNV.

18. Plaintiff never used or provided her ex-husband's email account in connection with the subject debt.

19. Plaintiff did not authorize her ex-husband nor provided her consent for him to receive information regarding the subject debt.

20. Plaintiff and her ex-husband do not have an attorney-client relationship.

3

21. Upon information and belief, Defendants knew or should have known that the email account did not belong to Plaintiff because Plaintiff also received collection emails to her personal email.

22. Upon information and belief, Defendants improperly obtained Plaintiff's ex-husband's email account in connection with collecting on the subject debt.

23. After discovering that Defendants disclosed Plaintiff's subject debt, Plaintiff's ex-husband notified Defendants' office that he was not the Plaintiff and to stop emailing him.

24. Upon finding out about Defendants' unauthorized disclosures of the subject debt to her ex-husband, Plaintiff also opted out of receiving collection emails from Defendants.

25. Frustrated and concerned about Defendants' conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in exhausting time and resources.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

27. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, emotional distress, interference with Plaintiff's ability to work, increased usage of her email services, investigation and notification expenses, mitigation costs as a result of confidential information being leaked, and statutory damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### PLAINTIFF AGAINST DEFENDANTS

28. Plaintiff repeats and alleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. Defendants are both "debt collectors" as defined by § 1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

4

31. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

32. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692c

33. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

34. Defendants violated 15 U.S.C. §1692c(b) by knowingly disclosing Plaintiff's subject debt with Plaintiff's ex-husband. Plaintiff's ex-husband was not affiliated with the five-year old subject debt, considering that the parties had divorced well over eighteen years ago. Plaintiff's personal contact information, including her own personal email account and phone number, were the only contacts she used when initially taking on the credit obligation. Plaintiff never used her ex-husband's account to communicate with Defendants about the subject debt. Plaintiff's ex-husband never verified Plaintiff's information as her own, nor stated that he was Plaintiff's attorney. Despite this, Defendants still willingly and knowingly disclosed Plaintiff's subject debt on multiple instances, directly or indirectly, in their various email collection attempts. Defendants' actions in this instance alone clearly violated the plain language of the FDCPA.

5

**b. Violations of FDCPA § 1692d and 12 C.F.R. § 1006.14 *et seq.***

35. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. Although there are specified conduct addressed in §§ 1006.14(b) through (h), the official interpretation of 12 C.F.R. § 1006.14(a) sets forth a general standard that prohibits a debt collector from engaging in *any* conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. Whether a debt collector's conduct violates this standard depends on the cumulative effect of the debt collector's conduct through any communication medium.

37. Defendants violated § 1692d and 12 C.F.R. § 1006.14(a) because their actions in sending multiple emails disclosing the details of Plaintiff's subject debt to her ex-husband without her prior consent has the natural consequence of which to harass, oppress, and abuse Plaintiff in connection with the collection of a debt. Defendants knew or should have known that their deliberate disclosure of Plaintiff's subject debt to an unauthorized email address would result in oppressive and harassment behavior because doing so shames Plaintiff into paying, invades her privacy, causes reputational damage, imposes emotional distress, and overall embarrasses the Plaintiff of her existing debt.

**c. Violations of FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

40. Defendants violated §§ 1692e and e(10) when they acted deceptively by knowingly disclosing Plaintiff's subject debt to her ex-husband in attempts to pressure Plaintiff into paying the subject debt. There is no reason as to why Defendants would have to involve Plaintiff's ex-husband, who has been divorced now for eighteen years. There is also no reason for Defendants to have Plaintiff's ex-husband's email address in their files, considering that Plaintiff provided her own personal email account in connection with the subject debt. These means employed by Defendants only served to worry and confuse Plaintiff, as well as pressure and shame Plaintiff into making payments by willingly sharing the existence of her debt with her ex-husband, who has no affiliation with the consumer obligation Plaintiff took on when initially obtaining her credit accounts. This means of evading direct communication with Plaintiff and instead falsely involving her ex-husband are deceptive and misleading means to collect the subject debt.

### d. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendants violated § 1692f when they unfairly and unconscionably disclosed Plaintiff's subject consumer debt with Plaintiff's ex-husband and further harassed him to make payments on the debt. The practice of notifying unauthorized third parties and, in particular, ex-spouses regarding financial issues and debts owed by the Plaintiff serves to shame her into paying, invades her privacy, causes reputational damage, imposes emotional distress, and is overall overwhelming and deceptive to the Plaintiff.

7

43.  As pled in paragraphs 25 through 27, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, GISELLE MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt;

    f. Ordering Defendants to delete the subject debt; and

    g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT
#### PLAINTIFF AGAINST DEFENDANTS

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

46. Defendants is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

**a. Violations of NCDCA § 75-52**

47. The NCDCA, pursuant to N.C. Gen. Stat. § 75-52 provides that "[n]o debt collector shall use any conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt."

48. Defendants violated § 75-52 of the NCDCA when they communicated Plaintiff's subject consumer debt to Plaintiff's ex-husband. Plaintiff and her ex-husband divorced over a decade before Plaintiff even obtained the consumer obligation. Plaintiff's ex-husband has no connections

8

to the credit account, and her email was not used in connection with the subject debt. Yet, Defendants improperly obtained the email account and knowingly disclosed Plaintiff's subject debt to that email despite having her own personal email address. Such conduct naturally constituted an unreasonable harassment of Plaintiff because she had never told Defendants that her ex-husband was privy or had authorization to receive information regarding the consumer obligation.

### b. Violations of NCDCA § 75-53

49. The NCDCA, pursuant to N.C. Gen. Stat. § 75-53(1) provides that "[n]o debt collector shall unreasonably publicize information regarding a consumer's debt. Such unreasonable publication includes, […] any communication with any person with any person other than the debtor or her attorney…"  § 75-53(2) further provides that unreasonable publication of information also includes "any form of communication which ordinarily would be seen or heard by any person other than the consumer that displays or conveys any information about the alleged debt other than the name, address, and phone number of the debt collector…"

50. Defendants violated § 75-53(1) and (2) by communicating Plaintiff's subject consumer debt to Plaintiff's ex-husband. Plaintiff and her ex-husband were separated over a decade before Plaintiff even obtained the consumer obligation. Plaintiff's ex-husband has no connections to the credit account, and her email was not used in connection with the subject debt. Yet, Defendants improperly obtained the email account and knowingly disclosed Plaintiff's subject debt to that email despite having her own personal email address. Moreover, the information shared within each of the emails included not just Plaintiff's name and address, but portions of the account numbers and explicit descriptions of the subject debt itself. Thus, such unauthorized disclosures made by Defendants violate the NCDCA.

9

### a. Violations of NCDCA § 75-54

51. The NCDCA, pursuant to N.C. Gen. Stat. § 75-54 provides that "[n]o debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."

52. Defendants further violated § 75-54 through the fraudulent nature in contacting Plaintiff's ex-husband and knowingly disclosing Plaintiff's subject debt despite not receiving any prior authorization in the first place. Defendants' course of conduct in this manner naturally and deceptively misrepresented to Plaintiff that they had the legal right to contact her ex-husband's email address, despite these actions being prohibited by N.C. Gen. Stat § 75-52.

### b. Violations of NCDCA § 75-55

53. The NCDCA, pursuant to N.C. Gen. Stat. § 75-55, prohibits debt collectors from using "any unconscionable means" to attempt to collect a debt.

54. Defendants violated § 75-55 of the NCDCA by unfairly and unconscionably disclosing to an unauthorized third-party in their pursuit of the subject consumer debt. Plaintiff's consumer obligation only had her contact information involved, including her own personal email. Plaintiff had no reason to use nor authorize Defendants to share communications with her ex-husband, given that the two had been separated at least a decade before Plaintiff obtained the current consumer obligation. Yet, Defendants improperly obtained Plaintiff's ex-husband's email information, continued to send emails to the email account about Plaintiff's subject debt without her consent, and ultimately did so to publicly humiliate her into making payments on the subject debt. Such actions are unconscionable and violate the NCDCA.

WHEREFORE, Plaintiff, GISELLE MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

10

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c. Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d. Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 75-56(a) and 75-16.1;

e. Enjoining Defendants from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE NORTH CAROLINA CONSUMER PROTECTION STATUTE
#### PLAINTIFF AGAINST DEFENDANTS

55. Plaintiff repeats and realleges paragraphs 1 to 54 as though fully set forth herein.

56. N.C. Gen. Stat. § 75-1.1(a) states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a).

57. Defendants violated N.C. Gen. Stat. § 75-1.1(a) in much the same way they violated the NCDCA.

58. Additionally, violations of the NCDCA constitute violations of the NCCPS. See N.C. Gen. Stat. § 75-56(a).

WHEREFORE, Plaintiff, GISELLE MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under N.C. Gen. Stat. § 75-16;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under N.C. Gen. Stat. § 75-16.1;

d. Enjoining Defendants to cease contacting Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT IV - INVASION OF PRIVACY-INTRUSION UPON SECLUSION**</u>
PLAINTIFF AGAINST DEFENDANTS

59. Plaintiff restates and realleges paragraphs 1 through 58 as though fully set forth herein.

60. The common law tort of invasion of privacy by intrusion upon seclusion is the intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or their private affairs or concerns, where the intrusion would be highly offensive to a reasonable person. Restatement (Second) of Torts § 652B (1997).

61. Defendants' intentional unauthorized disclosure of Plaintiff's subject debt to an unauthorized third party intentionally intrudes on Plaintiff's private affairs.

62. Defendants' intrusion is highly offensive to a reasonable person because the Defendants explicitly disclosed Plaintiff's financial hardships and existing debt to her ex-husband whom she has been separated for eighteen years.

63. Defendants' unsolicited collection campaign not only severely disrupted Plaintiff's privacy and overall focus, but also continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life. Instead, Plaintiff's attention has been upended by Defendants' harassing collection campaign.

64. By continuing to email Plaintiff and her ex-husband in an attempt to dragoon Plaintiff into payment, Defendants gave Plaintiff no reasonable escape from their incessant emails.

65. As detailed above, by persistently disclosing the subject debt to Plaintiff's ex-husband without her consent or justifiable basis, Defendants invaded Plaintiff's right to privacy, and caused Plaintiff to suffer concrete and particularized harm.

66. Defendants' relentless collection efforts and tactic of repeated disclosures of Plaintiff's subject debt to her ex-husband is highly offensive and outrageous to a reasonable person.

12

67. Defendants intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented email communications to Plaintiff's ex-husband's email account on multiple occasions.

WHEREFORE, Plaintiff, GISELLE MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendants from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

This the 18th day of December, 2025.

BY: /s/ Matthew R. Gambale

MATTHEW R. GAMBALE
N.C. Bar No. 43359
COUNSEL CAROLINA
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
matt@counselcarolina.com
T: 919.373.6422
F: 919.578.3733

13